13-3873-cv
Jacob v. Duane Reade, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand fifteen.

PRESENT: DENNIS JACOBS,
CHRISTOPHER F. DRONEY,
  *Circuit Judges*,
LEWIS A. KAPLAN,[*]
  *District Judge*.

------------------------------------------------------------------------

MANI JACOB and LESLEENA MARS, individually and on behalf of all others similarly situated,
  *Plaintiffs-Appellees*,

OUSMANE DIOP, *et al*.,
  *Plaintiffs*,

v.   No. 13-3873-cv

DUANE READE, INC. and DUANE READE HOLDINGS, INC.,
  *Defendants-Appellants*,

WALGREEN CO.,
  *Defendant*.

------------------------------------------------------------------------

---

[*] The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

1

| | |
|---|---|
| FOR PLAINTIFFS-APPELLEES: | ADAM T. KLEIN, Outten & Golden LLP, New York, NY (Molly A. Books and Michael J. Scimone, Outten & Golden LLP, New York, NY, Paul W. Mollica, Outten & Golden LLP, Chicago, IL, and Seth R. Lesser and Fran L. Rudich, Klafter Olsen & Lesser LLP, Rye Brook, NY, *on the brief*). |
| FOR DEFENDANTS-APPELLANTS: | CRAIG R. BENSON (Stephen A. Fuchs and Christine L. Hogan, *on the brief*), Littler Mendelson, P.C., New York, NY. |
| FOR THE BUSINESS COUNCIL OF NEW YORK STATE, INC. AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANTS-APPELLANTS: | James N. Boudreau, Greenberg Traurig, LLP, Philadelphia, PA. |
| FOR THE IMPACT FUND *ET AL.* AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS-APPELLEES: | Jocelyn D. Larkin and Robert L. Schug, Impact Fund, Berkeley, CA and Joseph M. Sellers, Abigail E. Shafroth, and Shaylyn Cochran, Cohen Milstein Sellers & Toll PLLC, Washington, DC. |

Appeal from an August 8, 2013 order of the United States District Court for the Southern District of New York (Oetken, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiffs-Appellees ("Plaintiffs"), two former employees at stores in New York owned and operated by Duane Reade, Inc. ("Duane Reade"), filed a class action complaint against Duane Reade alleging, as is relevant on appeal, that Duane Reade failed to pay assistant store managers ("ASMs") overtime in violation of the New York Labor Law.[2]

---

[2] Plaintiffs also asserted claims under the Fair Labor Standards Act ("FLSA"), which the district court conditionally certified as a collective action in a prior order. *See Jacob v. Duane Reade, Inc.*, No. 11-cv-0160 (JPO), 2012 WL 260230 (S.D.N.Y. Jan. 27, 2012). Plaintiffs' FLSA claims conferred federal-question jurisdiction, *see* 28 U.S.C. § 1331, and the district court had supplemental jurisdiction over the New York Labor Law claims at issue on appeal, *see* 28 U.S.C. § 1367(a).

Following discovery, Plaintiffs moved for class certification pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

In March 2013, the district court granted Plaintiffs' motion and certified the class. *See Jacob v. Duane Reade, Inc.*, 289 F.R.D. 408 (S.D.N.Y. 2013) ("*Jacob I*"). The district court concluded that Plaintiffs had satisfied the Rule 23(a) prerequisites to class certification, *id.* at 413-18, that common questions pertaining to whether ASMs were misclassified as employees exempt from New York's overtime requirements predominated over any individualized questions, *id.* at 418-22, and that a class action would be superior to other methods for adjudicating this controversy, *id.* at 422-23.

Following the Supreme Court's decision in *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013), Duane Reade moved for reconsideration. In August 2013, the district court issued an opinion and order granting in part Duane Reade's motion, decertifying the class with respect to damages only. *See Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578 (S.D.N.Y. 2013) ("*Jacob II*"). This appeal followed.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's determination on class certification for abuse of discretion. *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010). While we review the district court's construction of legal standards *de novo*, we review the district court's application of those standards for whether the district court's decision falls within the range of permissible decisions. *Id.*

1. Rule 23 Standards

Duane Reade first argues that the district court failed to "'rigorously' examine" all the evidence relevant to class certification as required by *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), and *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013), instead applying a mere pleading standard. We disagree.

In its description of the legal standards governing class certification under Rule 23, the district court did state that "[a] plaintiff's pleadings are taken as true for the purposes of examining a class certification motion." *See Jacob I*, 289 F.R.D. at 413. That standard was expressly rejected in *Dukes*. *See* 131 S. Ct. at 2551 ("Rule 23 does not set forth a mere pleading standard."). In determining whether to certify a class, the district court must conduct a "rigorous analysis" that may "overlap with the merits of the plaintiff's underlying claim." *Id.* (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)) (applying that standard to Rule 23(a)'s prerequisites to class certification); *see Comcast*,

3

133 S. Ct. at 1432 (quoting this language from *Dukes* and applying the same standard to Rule 23(b)(3)'s affirmative basis for class certification).

Upon review of the district court's actual analysis, however, it is clear that the district court *applied* the appropriate standard. The district court did not rely on the pleadings alone to decide Plaintiffs' motion, and instead went beyond the pleadings to consider the parties' evidentiary submissions and make factual findings where those submissions conflicted. *See, e.g.*, *Jacob I*, 289 F.R.D. at 415-17 (addressing commonality and typicality); *id.* at 419-20 (addressing predominance).

    2.  <u>Rule 23(a) Commonality</u>

Duane Reade next argues that the district court's commonality analysis failed to identify evidence sufficient to generate common answers as required by *Dukes*. We disagree.

A party seeking class certification must satisfy Rule 23(a)(2)'s requirement that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Rule 23(a)(2)'s commonality prerequisite requires a showing that the plaintiffs' claims "depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S. Ct. at 2551. In other words, the relevant inquiry is whether a classwide proceeding is capable of "generat[ing] common *answers* apt to drive the resolution of the litigation." *Id.* (emphasis in original) (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009)).

As already noted, a district court must undertake a "rigorous analysis" in determining whether Rule 23(a)(2)'s commonality requirement is met. *Id.* Such determinations "can be made only if the judge resolves factual disputes relevant to each Rule 23 requirement." *Miles v. Merrill Lynch & Co. (In re Initial Pub. Offerings Sec. Litig.)*, 471 F.3d 24, 41 (2d Cir. 2006).

Here, as acknowledged by the district court, the common contention to be proved is whether Duane Reade misclassified its employees as exempt from New York's overtime requirements. In concluding that this contention was subject to classwide resolution, the district court relied on evidence showing that (i) Duane Reade uniformly classifies all ASMs as exempt without an individualized determination of each ASM's job responsibilities, and (ii) Duane Reade ASMs carry out their duties pursuant to a uniform policy, uniform training, and uniform procedures across all stores. *See Jacob I*, 289 F.R.D. at 415. In addition, the district court concluded that the deposition testimony of

4

Duane Reade's former director of training and development established that Duane Reade ASMs have "similar baseline responsibilities from store to store." *Id.* Finally, in its analysis of whether Plaintiffs had met the predominance requirement of Rule 23(b)(3), the district court concluded that the extensive deposition testimony of ASMs established that all ASMs share similar primary job responsibilities. *Id.* at 419-20. Although the district court indicated that this testimony was not as relevant to the commonality determination, it too is evidence that supports the district court's conclusion that the question of whether Duane Reade ASMs were misclassified was subject to classwide resolution.

We cannot conclude that the district court abused its discretion in concluding that a classwide proceeding could generate a common answer to the question of whether Duane Reade misclassified its ASMs.

3. Rule 23(b) Predominance

Duane Reade finally argues that the district court erred with respect to its Rule 23(b)(3) predominance analysis. Again, we disagree.

A district court may certify a class under Rule 23(b)(3) if it finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). As with Rule 23(a), the district court must conduct a "rigorous analysis" in determining whether Rule 23(b)'s requirements have been met. *Comcast*, 133 S. Ct. at 1432. In making this determination, the "district judge is to assess all of the relevant evidence admitted at the class certification stage" and resolve material factual disputes. *In re Initial Pub. Offerings*, 471 F.3d at 42.

Duane Reade first argues that *Comcast* requires that the district court analyze whether common questions predominate over individual questions in the case as a whole before certifying the class with respect to any particular issue. This is a misreading of *Comcast*. As we explain in our opinion issued today in *Roach v. T.L. Cannon Corp.*, No. 13-3070, *Comcast* held simply that a model for measuring classwide damages relied upon to certify a class under Rule 23(b)(3) must actually measure damages that result from the class's asserted theory of injury. That holding of *Comcast* has little, if any, application in this case. Here, in decertifying the class with respect to damages, the district court concluded that although the individualized nature of the damages inquiry would defeat Rule 23(b)(3) predominance in the case as a whole, Rule 23(b)(3) predominance was satisfied with respect to issue of liability alone. *See Jacob II*, 293 F.R.D. at 592-93. That conclusion was within the district court's discretion. *See Augustin v. Jablonsky (In re Nassau Cnty. Strip Search Cases),* 461 F.3d 219, 227 (2d Cir. 2006) ("[W]e hold that a

5

court may employ [Rule 23(c)(4)] to certify a class as to liability regardless of whether the claim as a whole satisfies Rule 23(b)(3)'s predominance requirement.").

In *Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010), we addressed the availability of class certification in a misclassification lawsuit that, like the present case, "involv[ed] a number of subsidiary questions, each of which may or may not be able to be proven in common." *Id.* at 548. We explained that, in such cases, the plaintiffs' burden to demonstrate predominance requires them to make two showings: "that 'some' of the [subsidiary] questions can be answered with respect to the members of the class as a whole 'through generalized proof' and that those common issues are 'more substantial' than individual ones." *Id.* at 549 (quoting *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002)). Because we defer to the district court's findings, including the finding that Plaintiffs have shown sufficient facts pursuant to *Myers*, we cannot conclude that the district court abused its discretion in determining that common questions predominate with respect to liability.

We have considered Duane Reade's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's order certifying the class with respect to the issue of liability.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court